IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MITHRIL GP EMPLOYEE FEEDER LLC<br><br>  Plaintiff,<br><br>  v.<br><br>CRYSTAL SCRIPPS MCKELLAR<br><br>  Defendant. | Civil Action No. 19-cv-2144-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's motion requesting that I remand this action back to the Delaware Court of Chancery pursuant to 28 U.S.C. § 1447(c). (D.I. 12). Defendant opposes the motion to remand and requests jurisdictional discovery. (D.I. 19). I grant Defendant's request for jurisdictional discovery.

Plaintiff Mithril GP Employee Feeder LLC filed a complaint for breach of contract and declaratory relief against Defendant McKellar in the Delaware Court of Chancery on October 18, 2019. (D.I. 2, Ex. B-1). On November 25, 2019, Defendant filed a Notice of Removal, removing the action to federal court and asserting diversity jurisdiction under 28 U.S.C. § 1332. (*Id*. ¶ 7). In the Notice, Defendant stated she is an individual "residing in San Francisco, California," and on "information and belief after a reasonable investigation by Defendant's counsel, no member of Mithril is a citizen of California." (*Id*. ¶¶ 8-9). In support of the motion to remand, Plaintiff argues (1) diversity jurisdiction does not exist because some members of Mithril are citizens of California and (2) the forum selection clause in the contract waives Defendant's right to remove litigation from Delaware state courts. (*Id*. ¶ 8, ¶ 15).

1

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. For diversity jurisdiction to exist in federal courts, the amount in controversy must exceed $75,000 and the civil action must be between citizens of different states. 28 U.S.C. § 1332(a).

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity, which means "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). The citizenship of an LLC is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The removing party bears the burden to establish federal subject matter jurisdiction. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

Plaintiff asserts that removal was improper because several of its professional members, as well as Defendant, are citizens of California. (D.I. 12 ¶¶ 11-12). As evidence of citizenship, Plaintiff provided the declaration of Ajay Royan, a representative of the Managing Member of Mithril GP Employee Feeder LLC. (*See* D.I. 14). Plaintiff included the most recent admission letters, all dated February 9, 2019, of six professional members. (*See Id.*, Ex. A, C, E, G, I, K). These members, "[t]o the best of [Royan's] knowledge," live and work in California with the intent to continue to do so. *Id*. Mr. Royan also provided their addresses, all in California, "based on tax documentation." *Id*.

In the answering brief, Defendant argues she is entitled to jurisdictional discovery to determine if diversity exists. (D.I. 19 at 7). The Third Circuit has previously held that the party alleging diversity jurisdiction is "entitled to limited discovery for the purpose of establishing that complete diversity exists" if a factual challenge is made by the opposing party. *Lincoln Ben. Life*

*Co. v. AEI Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015).  *Lincoln Ben. Life Co*., which was originally brought in federal court, had a different procedural context, as the issue was raised by a motion to dismiss for lack of subject matter jurisdiction.  *Id*. at 99.  The same logic, however, applies to remand decisions.  *See Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) ("Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach.").  Defendant argues jurisdictional discovery is appropriate here given "the language of the LLC Agreement and the weak extrinsic evidence submitted by Feeder LLC in support of remand."  (D.I. 19 at 7).

Here, Plaintiff has made a factual challenge to the removal by asserting several of its members are citizens of California.  (*See* D.I. 14).  Thus, Defendant is entitled to jurisdictional discovery to establish if complete diversity exists.  *See Lincoln Ben. Life Co*., 800 F.3d at 111.  Jurisdictional discovery should be narrowly tailored, and "a few responses to interrogatories will often suffice."  *Id*. at 109.  Mr. Royan's declaration about the citizenship of other individuals is not so compelling that it should not be tested through jurisdictional discovery.  (*See* D.I. 14). Jurisdictional discovery is not necessarily a one-way street.  Plaintiff alleges Defendant knows the California citizenship of some of the members.  Plaintiff may seek limited discovery from Defendant as to her personal knowledge of Mithril's members' citizenship prior to filing the Notice of Removal.  The issue of subject matter jurisdiction will be resolved by the Court before any other steps are taken in this case.  If there is subject matter jurisdiction, the Court will then address the issue of the forum selection clause.

For reasons set forth above, I grant Defendant's request for jurisdictional discovery in aid of determining if this Court has subject matter jurisdiction. The motion to remand (D.I. 12) and the

motion to stay, dismiss, or transfer (D.I. 27) are both DISMISSED without prejudice to renewal once jurisdictional discovery has been completed.

The parties should agree on a limited amount of jurisdictional discovery and submit a stipulated discovery schedule embodying their agreement within one week from the filing of this memorandum order.

IT IS SO ORDERED this 15th day of June 2020.

                                                                             /s/ Richard G. Andrews
                                                                             United States District Judge