IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MITHRIL GP EMPLOYEE FEEDER LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CRYSTAL SCRIPPS MCKELLAR,<br><br>    Defendant. | Civil Action No. 19-2144-RGA |

MEMORANDUM

Before me is Plaintiff's renewed motion to remand this action to the Delaware Court of Chancery pursuant to 28 U.S.C. § 1447(c). (D.I. 63).  Plaintiff moves for an award of just costs and actual expenses, including attorney fees, incurred as a result of the removal under 28 U.S.C. § 1447(c). Defendant does not oppose remanding this action to the Delaware Court of Chancery. However, Defendant does oppose the request for an award of just costs and actual expenses. This matter has been fully briefed. (D.I. 64, 74, 83).   For the reasons set forth below, Plaintiff's motion to remand is GRANTED and Plaintiff's motion for an award of just costs and actual expenses is GRANTED-IN-PART.

I.      **BACKGROUND**

Plaintiff Ms. McKellar removed this case from the Delaware Court of Chancery on November 15, 2019, asserting diversity jurisdiction. (D.I. 2 at 2-4). Defendant Mithril GP Employee Feeder LLC ("Mithril") contested jurisdiction and moved to remand. (D.I. 12). This Court ordered limited jurisdictional discovery to determine the members of Mithril, and thus

whether jurisdiction is proper, since it was not clear from the materials Mithril offered in support of its motion for remand. (D.I. 45). After some discovery, Mithril filed a renewed motion to remand and included a request for costs and expenses associated with the removal of this action to this Court. (D.I. 63).

## II.   LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity, which means "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). The citizenship of an LLC is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The removing party bears the burden to establish federal subject matter jurisdiction. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

"The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

2

removal." *Id.* at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* For example, "a plaintiff's . . . failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.* The reasons for departing from the rule should recognize the general goals of deterring attempts to prolong litigation and respecting a defendant's general right to removal. *Id.*

### III.  DISCUSSION

Mithril argues that federal subject matter jurisdiction does not exist in this case. Mithril has submitted affidavits identifying at least two members of Mithril who were citizens of California when this action was filed and when it was removed. (D.I. 64 at 7–8; D.I. 66, Exs. C & F). Therefore, subject matter jurisdiction has not been established and this action must be remanded. (D.I. 64 at 16). Mithril asserts further that this action should be remanded because Ms. McKellar waived her right to removal by signing Mithril's LLC Agreement. (*Id.* at 16–17). Mithril also contends that Ms. McKellar knew the citizenship of at least some of the California members of Mithril at the time of filing and removal by virtue of her previous positions at Mithril. Mithril argues that Ms. McKellar removed the case in order to delay and to burden Mithril with unnecessary discovery. (*Id.* at 17–20). Mithril asserts that because Ms. McKellar intended "to delay and impose costs on Mithril," Mithril is entitled to costs and expenses associated with the removal of this action to federal court. (*Id.* at 20).

Ms. McKellar argues that because a "Schedule I" has not been produced by Mithril that shows the membership of the LLC at the time of filing and removal, diversity jurisdiction exists because Mithril's Schedule I filed with its complaint showed only one member of the LLC—the

3

Cayman Islands corporation—Talleus Ltd.—that signed the complaint (D.I. 74 at 9; *see* D.I. 2-1 at 106 & 109 of 175). According to Ms. McKellar, because the Schedule I form is the "definitive" authority on the members of the LLC, there is diversity sufficient to give this Court subject matter jurisdiction. (D.I. 74 at 2).

Although Ms. McKellar maintains the position that federal subject matter does exist in this case, she has agreed to remand of the case. (*Id.* at 6). Therefore, since the parties agree to the remand (and because there is no federal jurisdiction), this case is remanded to the Delaware Court of Chancery. Because the remand is unopposed, I will not address the issue of the forum selection clause of the LLC Agreement.

Ms. McKellar does oppose the motion for costs and expenses, however.

Ms. McKellar states that, despite her extended period as general counsel for Mithril, she never saw the Schedule I for Mithril and was unaware of actual membership. (*Id.* at 11–12). Ms. McKellar argues further that because she was no longer associated with Mithril three months prior to the filing of this action, because her role had been diminished at Mithril eight months prior to the filing of this action, and because she was informed that Mr. Royan was planning to move all members of Mithril to another fund, she could only rely on publicly available information and the Schedule I Mithril filed with the complaint to determine the citizenship of the members of Mithril. (*Id.* at 11–14). Ms. McKellar maintains that those two sources created an objectively reasonable basis for removal to federal court. (*Id.* at 13–14).

I agree with Ms. McKellar.

Ms. McKellar did have an objectively reasonable basis for removing this case from the Delaware Court of Chancery. Plaintiff's complaint gave her that objectively reasonable basis.

4

Mithril does not contest that its complaint does not by itself defeat the claim of diversity jurisdiction. There is certainly reason to believe that Plaintiff might well have questioned whether there was diversity jurisdiction. But, as foreshadowed by the Supreme Court, Plaintiff's complaint contributed to the plausibility of removal by not disclosing the facts necessary to defeat diversity jurisdiction.

Ms. McKellar was not an employee of Mithril at the time of removal. She had only outdated knowledge of the potential membership of Mithril. She lost all potential access to membership information after she left Mithril Things change. There were members of Mithril who were citizens of California three months prior to the filing of this action, but Mithril did not list them as members when filing this action. The limited number of prior members, the FBI and SEC investigations, the high turnover rate of employees over the past few years, and Mr. Royan's authority to remove members all lend credence to the possibility that Mithril had removed all of its members other than the Cayman Island corporation at the time of filing. It was objectively reasonable for Ms. McKellar to use public resources and the filings by Mithril as a basis for removal. *See Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99, 107–09 (3d Cir. 2015) (holding that if a party has "no reason to believe that any of the association's members share its state of citizenship" based on the "the sources at its disposal, including court filings and other public records," then that party "may allege complete diversity in good faith").

But there are unusual circumstances in this case that warrant a departure from the general rule. I will order payment of costs and expenses associated with jurisdictional discovery occurring after November 20, 2020. By then it was clear that there was no diversity of citizenship. Plaintiff is entitled to costs for the litigation that ensued.

At the time this Court ordered jurisdictional discovery, there were still unresolved issues as to (1) who Mithril's members were at the time of filing and removal, and (2) whether those members were citizens of California. (D.I. 45 at 3; D.I. 48 at 2–3). Regardless of whether Ms. McKellar knew the citizenships of the individuals Mithril identified, she did not know if those individuals were members at the time of filing or removal. Discovery was warranted.

However, on October 1, 2020, Mithril produced two affidavits to Ms. McKellar indicating that there were two members of Mithril—Mr. Garvin and Mr. Behlendorf—who were citizens of California at the time of filing of the complaint and removal. (D.I. 83 at 4).

Jurisdictional discovery should have concluded at this point. Jurisdictional discovery was meant to "be narrowly tailored" and potentially limited to "a few responses to interrogatories." *Lincoln Ben. Life Co.*, 800 F.3d at 109. The additional depositions, a further discovery dispute (D.I. 92), and the briefing on the renewed motion to remand were a completely unnecessary waste of resources. The only reasonable conclusion is that the litigation continued for purposes of harassment and delay. Awarding costs to Mithril for that unnecessary discovery furthers the "general goals of deterring attempts to prolong litigation." *Martin*, 546 U.S. at 141.

I agree with Mithril that one can be a member of Mithril even though not listed on Schedule I. It is true (as Defendant points out (D.I. 99)) that the LLC Agreement states that members are supposed to be listed on Schedule I. But nothing in what Defendant cites says that one is definitively not a member if the individual's name does not appear on Schedule I. The statement in Defendant's brief (D.I. 74 at 2) that the "plain language" of the LLC agreement makes Schedule I the "definitive roster of membership" might be charitably characterized as an aggressive interpretation of the LLC agreement.

I agree with Mithril that Defendant's cited case--*Cumulus Radio Corp. v. Olson*, 2015 WL 1110592, at *3 (C.D. Ill. Mar. 10, 2015)—does not help Defendant.

Ms. McKellar's insistence on additional discovery on November 20, 2020 (D.I. 65-1 at 283 of 404) flies in the face of overwhelming evidence that there was not complete diversity at the time of filing and removal. The additional discovery has significantly delayed this action. Therefore, to further the goals of deterrence that § 1447(c) embodies, I will award fees, costs and expenses accrued by Mithril after November 20, 2020.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand (D.I. 63) is GRANTED and Plaintiff's request for costs and expenses pursuant to 28 U.S.C. § 1447(c) (D.I. 63) is GRANTED-IN-PART. The case is remanded to the Delaware Court of Chancery.

A separate order will be entered.

Entered this 30 day of July, 2021.

*/s/ Richard G. Andrews*
United States District Judge

7